IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

NC-WC LP,                                    )
                                             )
        Plaintiff,                           )
                                             )
v.                                           )        CASE NO. 3:06-cv-440-WKW
                                             )
DAVID STIVARIUS, *et al.*,                   )
                                             )
        Defendants.                          )

## **ORDER**

Before the court is plaintiff's Motion for Confirmation of Judicial Foreclosure (Doc # 28). As detailed in the court's May 1, 2007 order, no order of judicial foreclosure ever issued from this court. Despite that fact, the notice of sale published in the The Opelika-Auburn News, and the foreclosure deed, recite that the sale was conducted pursuant to an order of this court. The court cannot confirm the sale with a false representation contained in the deed and in the notice of sale. It is ORDERED that the motion is DENIED.[1]

It is further ORDERED that plaintiff shall file a status report **on or before May 30, 2007,** detailing whether (1) it will petition the court for a judicial foreclosure, which would have the ultimate effect of unraveling the initial defective judicial foreclosure, or (2) move to dismiss this

---

[1] Alabama Code Section 35-10-3 states the following:
If no power of sale is contained in a mortgage or deed of trust, the grantee or any assignee thereof, at his

option, after condition broken, may foreclose same either in a court having jurisdiction of the subject matter, or by selling for cash at the courthouse door of the county where the property is situated, to the highest bidder, the lands embraced in said mortgage or deed of trust, after notice of the time, place, terms and purpose of such sale has been given by four consecutive weekly insertions of such notice in some newspaper published in the county wherein said lands, or a portion thereof are situated.

Ala. Code § 35-10-3 (1975). It appears that all parties have duly consented to the sale and that the sale was conducted for cash on the steps of the Lee County Courthouse in Opelika, Alabama. From the circumstances, the plaintiff should consider an alternative solution in compliance with the above-reference statute without aid of this court.

action.  If no status report is filed, this case will be DISMISSED without prejudice.

Done this 25th day of May, 2007.

_____/s/   W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE