IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| NC-WC LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:06-cv-440-WKW |
| | ) |
| DAVID STIVARIUS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This is an action for judicial foreclosure under section 35-10-4 of the Code of Alabama, removed from the Circuit Court of Lee County, Alabama. Removal was proper because the Internal Revenue Service held a valid tax lien on the subject real estate. Plaintiff is the assignee of a mortgage on the subject real estate. The mortgage has no power of sale.

Plaintiff mistakenly sold the subject real estate without an order of judicial foreclosure having been entered. The newspaper notice of sale and the proposed foreclosure deed both recited incorrectly that the sale had been ordered by this court, which was a clearly erroneous representation. By order dated May 25, 2007 (Doc. #. 31), the parties were made aware of the court's position in this matter, and the plaintiff was instructed to file a status report stating its intent to either properly petition for judicial foreclosure or move to dismiss the case. In response, the plaintiff filed a status report (Doc. # 33) on May 30, 2007, representing that the plaintiff would "submit a motion to this Court setting out that the foreclosure deed will be re-filed . . . .[and] further request the Court to enter an order confirming the sale as a consent

settlement. . . . The motion will then request a subsequent order be entered dismissing the case as moot." (Doc. # 33).[1]

In fact, eight months passed with the promised motion not being filed. In an abundance of caution and unmerited grace, the court entered yet another show cause order (Doc. # 34) on February 11, 2008, directing the plaintiff to show cause why the action should not be dismissed for want of prosecution. Making no mention of the promised motion, and scant sense from a tactical standpoint, plaintiff filed a response (Doc. # 35) that reverted to its previous rejected request that the court enter an order confirming the sale without correcting the erroneous information.

The court can dismiss an action for failure to prosecute under Federal Rule of Civil Procedure 41(b). Also, a "[d]istrict court possesses inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). The sanction of dismissal is "warranted only upon a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Id.* (internal quotation marks and citations omitted).

This case begs for the use of the court's authority to dismiss the action for failure to prosecute. The pleadings of the plaintiff have been irregular and haphazard, the court has been asked to confirm erroneous representations as to a non-existent order, the consent of other parties is not properly filed and is therefore suspect, and the plaintiff has failed or

---

[1] The court makes no representation as to how it would rule on such a motion.

refused to respond appropriately to urgings and orders of the court. The court has warned plaintiff repeatedly that failure to comply with court orders could result in dismissal. (*See* Doc. # 25, 31 & 34.) Because of the plaintiff's clear record of failing to comply with court orders and because a lesser sanction would not suffice, dismissal is appropriate.

Accordingly, it is ORDERED that this case is DISMISSED without prejudice.

An appropriate judgment will be entered.

DONE this 28th day of April, 2008.

                                              /s/   W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE